UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:12CV-21-R

In the Matter of the Complaint of Foss Maritime
Company, as owner, and Foss Atlantic, Inc., as
operator and owner *pro hac vice*, of the
M/V DELTA MARINER, Official No. 1094576,
for Exoneration from or Limitation of Liability

COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY
(Electronically Filed)

COME NOW the Limitation Plaintiffs, Foss Maritime Company, as owner, and Foss Atlantic, Inc., as operator and owner *pro hac vice,* of the M/V DELTA MARINER, Official No. 1094576, and in support of their Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, state as follows:

1. This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE, and this Court has jurisdiction over these parties and this cause of action, and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3. Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

4.     Limitation Plaintiff, Foss Maritime Company, at all relevant times, was and is organized and doing business under the laws of the state of Washington.

5.     Limitation Plaintiff, Foss Atlantic, Inc., at all relevant times, was and is organized and doing business under the laws of the state of Washington.

6.     At all relevant times, Foss Maritime Company was and is the legal owner of the M/V DELTA MARINER, Official No. 1094576.

7.     At all relevant times, Foss Atlantic, Inc. was and is the operator and owner *pro hac vice* of the M/V DELTA MARINER, Official No. 1094576.

8.     Prior to the voyage and incident that is the subject of this proceeding, and at all relevant times, Limitation Plaintiffs exercised due diligence to place and maintain the M/V DELTA MARINER in a seaworthy condition in all respects, and the M/V DELTA MARINER was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

9.     On the evening of January 26, 2012, the M/V DELTA MARINER was afloat and traveling northbound on the Tennessee River near Aurora, Kentucky.  Her voyage began with departure from her berth in Decatur, Alabama, and her ultimate destination was Cape Canaveral, Florida, a voyage that typically takes 10 days to complete.

10.    On that date in the evening just before 8:00 p.m., Central Time, the M/V DELTA MARINER was approaching the Eggner's Ferry Bridge (the "Bridge") located at or near Mile 41.7 on the Tennessee River near Aurora, Kentucky.

11. At that time, only one span of the Bridge was marked with navigational lights, with a green navigational light at the center of the span and with red lights on each pier. The remainder of the Bridge was dark.

12. The M/V DELTA MARINER then proceeded toward the span of the Bridge that had navigational lights that were visible.

13. At approximately 8:00 p.m. Central Time, the M/V DELTA MARINER allided with the Bridge (the "Incident").

14. As a result of the Incident, a span of the Bridge collapsed onto the bow section of the M/V DELTA MARINER and the M/V DELTA MARINER sustained damage.

15. The Bridge's lack of properly functioning navigational lighting for northbound commercial traffic channel span on the Tennessee River was the proximate cause of the allision.

16. Immediately following this incident, the value of Limitation Plaintiffs' interests in the M/V DELTA MARINER was $13,000,000.00 United States Dollars, minus the cost of repairs to the M/V DELTA MARINER that are unknown at this time, plus pending freight in the amount of $227,900.00 United States Dollars.  Attached hereto as Exhibit 1 is an Affidavit from Norman J. Dufour, Jr., reflecting the value of said vessel at the time immediately following the Incident.  Attached hereto as Exhibit 2 is a Declaration from Bobby L. Pepper attesting to the amount of pending freight.  Again, the M/V DELTA MARINER suffered damage as a result of the allision, but the full extent of that damage and whether it detracts from the value of M/V DELTA MARINER is unknown at this time and will not be quantified until repairs to the M/V DELTA MARINER have been made.

17. The M/V DELTA MARINER has not been attached or arrested in any suit, nor has any suit been brought in connection with this matter.

18. Limitation Plaintiffs have received notice from multiple persons and entities that they have claims as a result of the Incident, which upon information and belief, may exceed the value of their interest in the M/V DELTA MARINER as described herein.

19. The above described Incident, and all losses and damages resulting from it, were not caused by negligence on the part of Limitation Plaintiffs, or on the part of the M/V DELTA MARINER itself, or any persons for whom Limitation Plaintiffs were or are responsible, nor were there any unseaworthy conditions aboard the M/V DELTA MARINER which caused or contributed to the Incident. Accordingly, Limitation Plaintiffs and the M/V DELTA MARINER are each entitled to be exonerated from all liability for the Incident.

20. Additionally and/or alternatively, the Incident, and all losses and damages occurring as a result of it, occurred without any privity or knowledge of any officer, director or managing agent of Limitation Plaintiffs, and for this reason Limitation Plaintiffs and the M/V DELTA MARINER are entitled to limit their liability to the post-accident value of the M/V DELTA MARINER pursuant to 46 U.S.C. § 30501, *et seq*.

21. Subject to a formal appraisal of Limitation Plaintiffs' interest in the M/V DELTA MARINER, Limitation Plaintiffs offer an *ad interim* stipulation for the value of the M/V DELTA MARINER in the sum of $13,000,000.00 United States Dollars and the value of the pending freight in the sum of $227,900.00 United States Dollars with security, said sum being in excess of the aggregate value of Limitation Plaintiffs' interest in the M/V DELTA MARINER and its costs in the sum of $250.00 United States Dollars.

22. This Complaint is filed within six (6) months after Limitation Plaintiffs' receipt of first written notice of a claim.

23. At the time this Complaint was filed, the M/V DELTA MARINER was within the jurisdictional boundaries of the United States District Court for the Western District of Kentucky.

24. Limitation Plaintiffs' aver that there are no unsatisfied liens or claims of liens arising on the above-reference voyage so far as is known.

WHEREFORE, Limitation Plaintiffs pray:

A. That this Court enter an Order approving an *ad interim* stipulation this day filed by Limitation Plaintiffs for the value of Limitation Plaintiffs' interest in the M/V DELTA MARINER in the amount of $13,000,000.00 United States Dollars, the value of the M/V DELTA MARINER'S pending freight then earned in the amount of $227,900.00 United States Dollars, and costs in the amount of $250.00 United States Dollars;

B. That this Court approve the Letter of Undertaking filed as security for the value of the M/V DELTA MARINER, the value of the pending freight, and the court costs in the total amount of $13,228,150.00 United States Dollars plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

C. That this Court issue an order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against the Limitation Plaintiffs, their respective officers, agents, servants, employees or affiliated companies, or against the M/V DELTA MARINER itself, arising out of or attributable to the Incident;

    D.    That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims; and

    E.    That this Court direct each and every claimant to answer the allegations contained in this Complaint;

    F.    That this Court, after due hearing, determine that Limitation Plaintiffs and/or the M/V DELTA MARINER are not liable for any damage on any basis whatsoever in connection with the Incident;

    G.    That, in the alternative, should this Court determine that Limitation Plaintiffs and/or the M/V DELTA MARINER are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Limitation Plaintiffs are entitled to limit their liability to the value of their interest in the M/V DELTA MARINER and that a judgment be entered discharging Limitation Plaintiffs and the M/V DELTA MARINER from any further liability arising from or growing out of or in connection with the Incident; and, for such other relief as the proof may show appropriate.

RESPECTFULLY SUBMITTED, this the 14th day of February 2012.

    THE MILLER LAW FIRM, PLLC

By: s/ Bobby R. Miller, Jr.
    Bobby R. Miller, Jr., Esq.
    Carl J. Marshall, Esq.
    Ryan A. Hahn, Esq.
    2660 West Park Drive, Suite 2
    Paducah, KY 42001
    Tele: (270) 554-0051
    bmiller@millerlaw-firm.com
    cmarshall@millerlaw-firm.com
    rhahn@millerlaw-firm.com

Attorneys for Limitation Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 12-CV-_____

In the Matter of the Complaint of Foss Maritime
Company, as owner, and Foss Atlantic, Inc., as
operator and owner *pro hac vice*, of the
M/V DELTA MARINER, Official No. 1094576,
for Exoneration from or Limitation of Liability

---

## VERIFICATION OF COMPLAINT
## BY FOSS MARITIME COMPANY
(Electronically Filed)

---

I, Scott Merritt state and declare as follows:

1. That he is Senior Vice President Operations for Foss Maritime Company, one of the Limitation Plaintiffs in the above captioned proceeding;

2. That he has read the above and foregoing Complaint, and all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief;

3. That he is authorized by Foss Maritime Company to make this Verification on its behalf; and

4. That he makes this Verification as his free act and deed and as the free act and deed of Foss Maritime Company.

PURSUANT TO 28 U.S.C. SECTION 1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Executed on this 13th day of February 2012, in the City of _Aurora_, County of _Marshall_, and Commonwealth of Kentucky.

Name: _Scott Merritt_
Title: _Sr. VP Operations_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 12-CV-_____

In the Matter of the Complaint of Foss Maritime
Company, as owner, and Foss Atlantic, Inc., as
operator and owner *pro hac vice*, of the
M/V DELTA MARINER, Official No. 1094576,
for Exoneration from or Limitation of Liability

---

VERIFICATION OF COMPLAINT
BY FOSS ATLANTIC, INC.
(Electronically Filed)

---

I, Bobby L. Pepper, state and declare as follows:

1. That he is General Manager for Foss Atlantic, Inc., one of the Limitation Plaintiffs in the above captioned proceeding;

2. That he has read the above and foregoing Complaint, and all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief;

3. That he is authorized by Foss Atlantic, Inc. to make this Verification on its behalf; and

4. That he makes this Verification as his free act and deed and as the free act and deed of Foss Atlantic, Inc.

PURSUANT TO 28 U.S.C. SECTION 1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Executed on this 13th day of February 2012, in the City of __AURORA__,
County of __MARSHALL__, and Commonwealth of Kentucky.

_[signature]_
Name: Bobby L. Pepper
Title: General Manager

2