UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-21-R

In the Matter of the Complaint of Foss Maritime
Company, as owner, as Foss Atlantic, Inc., as
Operator and owner *pro hac vice*, of the
 M/V DELTA MARINER, Official No. 1094576,
For Exoneration from or Limitation of Liability

_____

CLAIM FOR DAMAGES
_____

Pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, in compliance with the Notice to Claimants of Complaint for

Exoneration From or Limitation of Liability, Claimant, BellSouth Telecommunications, LLC

d/b/a AT&T Kentucky ("AT&T Kentucky"), a Georgia limited liability company, and provider

of telephone service to Aurora, Kentucky, and surrounding areas, asserts against the Plaintiff a

claim for damage to and destruction of certain of its equipment, approximately 4366 feet of 48

strand fiber, attached to the Eggner's Ferry Bridge, which was rendered unusable and had to be

rerouted via alternative pathways temporarily around the region until such time as a temporary

cable could be placed under the Tennessee River to temporarily restore telephone service to the

area.  To date, the damages claimed include the cost of replacement cable, the cost of temporary

re-routing of the affected circuits that could be rerouted, the placement and splicing of the

temporary cable across the river, along with other services performed by AT&T Kentucky and

its contract labor, at a cost of approximately $59,321.00.  To date, the individual items are:

1

| | |
|---|---|
| Loss of Use of 1 DS3 | $884.01 |
| 6500 feet of temporary fiber under TN River (needed to restore service until permanent fiber installed) | $2,677.90 |
| Major Outage monitoring and trouble report expenses | $707.47 |
| Contract labor to install temporary fiber | $15,799.35 |
| AT&T Kentucky labor and overhead | $39,252.27 |
| Total | $59,321.00 |

The actual cost of the damage to AT&T Kentucky's facilities is to be determined as permanent repairs and replacements are made to the damage done by the Plaintiff's vessel as a result of the vessel striking the bridge on January 26, 2012.  The permanent repair work continues, and these claimed amounts will increase and are subject to revision as needed, depending upon a final evaluation of the damage during the periods provided for inspection and final completion of the work.

## ANSWER TO COMPLAINT

Claimant answers the allegations of the Complaint for Exoneration From or Limitation of Liability ("Complaint") as follows:

1.      Claimant admits Paragraph 1 of the Complaint.

2.      Claimant admits Paragraph 2 of the Complaint.

3.      Claimant admits Paragraph 3 of the Complaint.

4.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     With respect to the allegations contained in Paragraph 14 of the Complaint, Claimant admits a span of the Bridge collapsed onto the bow section of the M/V Delta Mariner. Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, Claimant admits that it has placed Limitation Plaintiffs on notice of its claim arising from the Incident.  Claimant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, Claimant denies that the losses and damages resulting from the Incident were not caused by negligence on the part of Limitation Plaintiffs, or on the part of the M/V Delta Mariner itself or for any persons for whom Limitation Plaintiffs were or are responsible and that Limitation Plaintiffs and the M/V Delta Mariner are each entitled to be exonerated from all liability for the Incident.  Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20.     Claimant states that the allegations contained in Paragraph 20 of the Complaint state a legal conclusion to which no answer is necessary.  To the extent an answer to the allegations is required, Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same.

23.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the same.

24.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same.

AFFIRMATIVE DEFENSES TO EXONERATION AND LIMITATION

25.     To the extent Limitation Plaintiffs and/or the M/V Delta Mariner and/or persons for whom the Limitation Plaintiffs were or are responsible caused, in whole or in part, the collision of the M/V Delta Mariner with the Eggner Ferry Bridge, they are responsible for the damages complained of by Claimant.

26.     To the extent Limitation Plaintiffs and/or the M/V Delta Mariner and/or persons for whom the Limitation Plaintiffs were or are responsible violated certain navigational and safety regulations of the Coast Guard, which places the burden on Limitation Plaintiffs to show that its violation of a regulation could not possibly have contributed to the M/V Delta Mariner striking with the Eggner Ferry Bridge, they are responsible for the damages complained of by Claimant.

27.     To the extent Limitation Plaintiffs and/or the M/V Delta Mariner and/or persons for whom the Limitation Plaintiffs were or are responsible breached the warranty of workmanlike performance by failing to determine that the vessel could safely pass under the Eggner Ferry Bridge, they are responsible for the damages complained of by Claimant.

28.     To the extent Limitation Plaintiffs and/or the M/V Delta Mariner and/or persons for whom the Limitation Plaintiffs were or are responsible failed to exercise due care, including

the duty to inspect and/or examine the vessel to determine whether the vessel could safely pass under the Eggner Ferry Bridge,  in  failing to prepare a proper voyage plan under the Eggner Ferry Bridge from the outset of the charter, and in failing to listen to and/or heed the Broadcast Notice to Mariners that the lights on the Eggners Ferry Bridge were reported out, they are responsible for the damages complained of by Claimant.

29.     Limitation Plaintiffs and/or the M/V Delta Mariner's Plaintiff's Captain, Lloyd Patten, a person with corporate managerial and supervisory authority, was on board the vessel and was in operational command of her as the Master, and so Limitation Plaintiffs and/or the M/V Delta Mariner is charged with privity and knowledge of the faults and omissions which he and/his vessel and crew committed to the detriment of the Claimant.

30.     Limitation Plaintiffs and/or the M/V Delta Mariner are responsible for the damages complained of by Claimant to the extent the M/V Delta Mariner was unseaworthy and therefore cannot invoke the Limitation of Liability Act in the following particulars:

a.     In having an inadequate crew in terms of qualifications;

b.     By failing to prepare a proper plan for the voyage;

c.     In having insufficient instruments to determine the proper commercial navigational channel;

d.     In failing to obtain proper passage information and correct the vessel's position on the river upon noticing the irregular lighting on the bridge spans; and/or

e.     In failing to maintain a proper and adequate lookout given the available information and circumstances.

31.     To the extent Limitations Plaintiffs and/or the M/V Delta Mariner's Captain and other employees of Limitations Plaintiffs and/or the M/V Delta Mariner were in violation of

Coast Guard navigational and safety regulations at the time of the Incident, and, therefore, are presumed at fault and are not entitled to exoneration or limitation of liability and are responsible for the damages complained of by Claimant.

WHEREFORE, Claimant submits its claim for damages to its equipment and the cost of temporarily and permanently replacing it, in the amount of $59,321.00, plus amounts which will be incurred associated with the permanent replacement costs, together with interest thereon

Claimant further prays:

1. Limitation Plaintiffs' petition for limitation of liability to the value of the vessel and its pending freight be denied;

2. Limitation Plaintiffs, Foss Maritime Company and Foss Atlantic, Inc., not be granted limitation of liability of exoneration pursuant to 46 U.S.C.A § 30501 through § 30512 or Rule F Limitation of Liability in the Supplemental Rules for certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

3. Judgment in favor of BellSouth Telecommunications, LLC d/b/a AT&T Kentucky for the full amount of its damages, plus prejudgment interest, and its attorneys fees and costs;

4. Judgment for any and all further relief to which BellSouth Telecommunications, LLC d/b/a AT&T Kentucky is otherwise entitled.

## DECLARATION

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the Claim set forth herein is true and correct to the best of my knowledge, information and belief.

BellSouth Telecommunications, LLC d/b/a AT&T Kentucky


William H. McGee
Sr. Risk Specialist

Date:  December 12, 2012


Respectfully submitted,


s/ Cheryl R. Winn
Cheryl R. Winn
601 W. Chestnut Street, Room 407
Louisville, KY  40203
Telephone:   (502) 582-1475
Facsimile:   (502) 582-1573
E-mail:  cw2702@att.com

ATTORNEY FOR CLAIMANT
BellSouth Telecommunications, LLC
d/b/a AT&T Kentucky

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of December, 2012, I electronically filed the foregoing Claim for Damages with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys and parties of record:

Bobby R. Miller, Jr., Esq.
Carl J. Marshall, Esq.
Ryan A. Hahn, Esq.
2660 West Park Drive, Suite 2
Paducah, KY   42001
Telephone:  (270) 554-0051
bmiller@millerlaw-firm.com
cmarshall@millerlaw-firm.com
rhahn@millerlaw-firm.com
Attorneys for Limitation Plaintiffs

Bryan Warner
1537 Wiswell Road W.
Murray, KY   42071
Telephone:  (270) 978-7291
bw9388@twc.com
Pro Se Defendant

Paul Kevin Moore, General Counsel
William H. Adams, II, Staff Attorney
Office of Legal Services
Kentucky Transportation Cabinet
200 Mero Street
Frankfort, KY   40602
Telephone:  (502) 564-7650
Counsel for Commonwealth of Kentucky

Stephen E. Smith, Jr.
Kerry D. Smith
McMurray & Livingston, PLLC
P. O. Box 1700
Paducah, KY   42002-1700
Telephone:  (270) 443-6511
Counsel for Commonwealth of Kentucky

I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First Class Mail to the following non-CM/ECF participants:

Margaret L. Maddox
310 North 8th Street
Murray, KY   42071
Telephone:  (270) 293-4651
Pro Se Defendant

Bryan Warner
1537 Wiswell Road W.
Murray, KY   42071
Telephone:  (270) 978-7291
bw9388@twc.com
Pro Se Defendant

*s/ Cheryl R. Winn*
CHERYL R. WINN

ATTORNEY FOR CLAIMANT,
BellSouth Telecommunications, LLC
d/b/a AT&T Kentucky

1051535