UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00021-TBR

In the Matter of the Complaint of FOSS
MARITIME COMPANY, as Owner and
FOSS ATLANTIC, INC., as Operator and
Owner *pro hac vice*, of the M/V DELTA
MARINER, Official No. 1094576, for
Exoneration from or Limitation of Liability

AND

COMMONWEALTH OF KENTUCKY,
TRANSPORTATION CABINET                                                        Plaintiff,

v.

FRANK EDWARD ALTANY, JR.,
MICHAEL DALE COLLINS, SCOTT
MERRITT, JOHN NEWLAND, LLOYD
PATTEN, BOBBY PEPPER, and
SHAUN QUINN                                                                  Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Motion to Remand submitted by the Commonwealth of Kentucky's Transportation Cabinet ("the KYTC"). (Docket No. 79.) By way of response, Limitation Plaintiffs Foss Maritime Company and Foss Atlantic, Inc. (collectively, "Foss") filed a Motion to Conduct Special Discovery, (Docket No. 81), to which KYTC has responded, (Docket No. 82). Fully briefed, this matter is now ripe for adjudication. For the reasons explained below, KYTC's Motion to Remand, (Docket No. 79), will be GRANTED.

1

**Factual Background**

This lawsuit arises from the January 26, 2012, allision of the vessel *M/V/ Delta Mariner* ("*Delta Mariner*"), owned and operated by Foss, with the Eggners Ferry Bridge on the Kentucky Lake portion of the Tennessee River. Foss alleges that at the time of the allision, only one span of the Eggners Ferry Bridge was marked with navigational lights, the remainder left dark. After attempting to traverse the lighted span, for which there was insufficient clearance, the *Delta Mariner* struck the span, demolishing the span and allegedly causing significant damage to the vessel itself.

Following the allision, Foss instituted this limitation action seeking exoneration from, or limitation of, its liability for the allusion. Among the claims related to the allusion is that of the KYTC, which owns the Eggners Ferry Bridge and seeks reimbursement for the cost and expense of replacing the demolished span of the bridge, plus damages. (Docket No. 12.)

The KYTC has filed a state court action in the Marshall Circuit Court against the above-captioned Defendants, each of whom allegedly participates in Foss's management. On March 3, 2014, Foss removed the state court action to this Court. (*See* Notice of Removal, Case No. 5:14-CV-00036-TBR, Docket No. 1.) The removed action was then consolidated with the limitation action. (See Order of Consolidation, Case No. 5:14-CV-00036-TBR, Docket No. 77.)

The instant motion concerns whether the Defendants have properly removed the KYTC's claim from state to federal court. The KYTC argues that the existence of federal maritime jurisdiction—the only basis for removal that Defendants offer—does not permit such a removal.

**Analysis**

The Court first acknowledges the bedrock doctrine that federal jurisdiction is necessarily limited in nature. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 733 (1994) ("Federal courts are courts of limited jurisdiction."). Moreover, exercising federal jurisdiction in removed cases implicates "state governments' rightful independence." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996). Consequently, the Court must scrupulously avoid any encroachment upon the authority of state courts and must strictly construe removal statutes. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Given its obligation to act only within the constitutional contours of federal jurisdiction, the Court is loath to construe its maritime jurisdiction broadly. *See Healy v. Ratta*, 292 U.S. 2663, 270 (1934)). This principle guides the Court's analysis.

The United States Supreme Court has confirmed that a maritime action is not automatically a federal one. *In re Chimenti*, 79 F.3d 534, 538(6th Cir. 1996). Such an interpretation would disrupt the "traditional allocation of power" and would "oversimplify[] the highly intricate interplay of the States and the National Government in their regulation of maritime commerce." *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 372-73 (1959). Instead, state and federal courts share "concurrent jurisdiction" over maritime and admiralty matters. The statutory grant of admiralty jurisdiction, 28 U.S.C. § 1333(1), provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled . . . .

28 U.S.C. § 1333 (2012).

Known as the "saving to suitors" clause, this language "leave[s] state courts 'competent' to adjudicate maritime causes of action in proceedings '*in personam*,' that is, where the defendant is a person, not a ship or some other instrument of navigation." *Madruga v. Superior Court of State of Cal.*, 346 U.S. 556, 560-61 (1954). Accordingly, federal and state courts maintain concurrent jurisdiction over *in personam* actions, and an *in personam* plaintiff may choose to proceed "in an ordinary civil action, rather than bringing a libel in admiralty." *Chimenti*, 79 F.3d at 537 (6th Cir. 1996) (quoting 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 5 *Federal Practice and Procedure: Jurisdiction* § 3672, at 430 (1985)). In other words, "the [savings to suitors] clause reserves to plaintiffs all remedies traditionally available at common law via *in personam* proceedings." *Coronel v. AK Victory*, 2014 WL 820270 at *4 (W.D. Wash. 2014). State courts, therefore, remain competent to hear maritime causes of action so long as the defendant is a person, rather than a vessel. *Madruga*, 346 U.S. at 561.

Prior to 2012, it was undisputed that general maritime claims, including those brought in state court under the saving clause, were not removable without an independent basis of federal subject matter jurisdiction. "Courts have consistently interpreted the 'saving clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal, such as diversity jurisdiction." *Chimenti*, 79 F.3d at 537; s*ee also Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982) (explaining that "a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction.").

4

In 2011, however, the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA") amended 28 U.S.C. § 1441 and wrought incongruity among federal district courts. The removal statute, as amended, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending.

28 U.S.C. § 1441(a) (2012).

Section 1441(b)(2) reads:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[1]

Unlike its predecessor, the amended statute no longer distinguishes between claims "arising under the Constitution, treaties or laws of the United States" and "other such action[s]." Rather, § 1441(b) now unequivocally relates only to removals based on diversity jurisdiction.

District courts differ in their interpretation of the FCJVCA's effects. Some have determined that the amendments render claims asserted under general maritime law removable to federal court, given the federal district courts' original jurisdiction over such matters. *See Ryan*

---

[1] Section 1441(b) previously read:

> (b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties, or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006) (emphasis added).

*v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013); *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322 (S.D. Tex. June 18, 2013); *Bridges v. Phillips 6 Co.*, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); *Carrigan v. M/V AMC Ambassador*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014). These courts point to pre-2011 precedent, which reasoned that the former language of § 1441(b) served as the "Act of Congress" that prohibited the removal of maritime claims. *See, e.g.*, *In re Dutile*, 935 F.2d 61, 62-3 (5th Cir. 1991). Such courts conclude that the removal of the language at issue leaves "nothing in 1441 or any other Act of Congress [that] prevents removal of general maritime claims." *Bridges*, 2013 WL 6092803, at *4. Defendants rely upon such cases, contending that the slight grammatical changes made by the FCJVCA abrogate the doctrine of concurrent jurisdiction. They reason that because federal courts enjoy original jurisdiction over maritime cases, the plain language of § 1441(a) validates the case's removal to federal court.

This Court must respectfully disagree. The party removing the case and asserting federal jurisdiction, of course, bears the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377. "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). 28 U.S.C. § 1333 does not provide independent federal subject matter jurisdiction over maritime claims at law. *See Romero*, 358 U.S. at 369. Moreover, Defendants have presented no other potential foundations on which the Court could have exercised its original jurisdiction over the KYTC's saving clause claims. The KYTC could have commenced this action in federal court. It opted to do so in state court instead. Neither Defendants nor the Court may now disturb the KYTC's choice.

No Sixth Circuit authority supports the sweeping reading of the 2011 Amendments articulated by *Ryan* and advanced by its progeny. Appellate precedent instead counsels in favor of a limited approach, preserving the plaintiff's choice of forum where appropriate. *See In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996) (explaining that the presence of maritime issues does not render a state action automatically removable). The Court's reading of the statute accords with that of numerous others that have declined to adopt the *Ryan* approach. *See, e.g.*, *Coronel*, 2014 WL 820270; *Barry v. Shell Oil Co.*, 2014 WL 775662 (E.D. La. 2014); *Freeman v. Phillips 66 Co.*, 2014 WL 1379786 (E.D. La. 2014); *Rafter v. Stevenson*, 680 F. Supp. 2d 275, 280 (D. Me. 2010).

The 2011 Amendments' legislative history suggests that Congress did not intend to alter the removability of maritime claims. In analyzing congressional intent, the Court will not infer that Congress intended its revisions to change the effect of the rule "unless such intention is clearly expressed." *Finley v. United States*, 490 U.S. 545, 554 (1989). Bearing this principle in mind, the Court's review of the relevant legislative history reveals no intent to revise such removability. *See, e.g.*, H.R. Rep. No. 112-10, at *11 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576; *see also Garcia v. United State*, 469 U.S. 70, 86 (1984) ("In surveying legislative history . . . the authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill."). Congress seemingly assumed that admiralty cases were already not removable absent another basis of federal jurisdiction and that the 2011 Amendments did not alter this fundamental structure. *See* H.R. Rep. No. 112-10 (indicating that the bill tracked an American Law Institute proposal that expressly excluded claims removable due solely to admiralty jurisdiction, premised on the understanding that such an exclusion was settled law). The 2011 Amendments'

7

legislative history, therefore, suggests that Congress did not intend to refashion the removability of such claims.

Moreover, the Court notes that the KYTC has requested a jury trial. (Civil Action No. 5:14-cv-00036-TBR, Docket No-1-1 at 11.) The Supreme Court instructs that "[t]rial by jury is an obvious, but not exclusive, sample of the remedies available to suitors" under the saving to suitors clause. *Romero*, 358 U.S. at 377-79. Were this case to be removed pursuant to the Court's original admiralty jurisdiction, however, no such trial would be available: admiralty cases do not carry with them the right to a jury trial. *Waren v. Clarke*, 46 U.S. 441, 360 (1847). A maritime plaintiff retains the right to demand a jury trial in federal district court when an action is removed based on either federal question jurisdiction or diversity jurisdiction. However, the removal of the KYTC's claim based solely on admiralty jurisdiction would deny it the right to pursue its nonmaritime remedy—that is, a jury trial. Accordingly, the saving to suitors clause prohibits the removal of this action.

Finally, the KYTC argues that the Eleventh Amendment proscribes the "coercive use of removal jurisdiction in an effort to make the [KYTC] an unwilling federal plaintiff." (Docket No. 82 at 2.) Defendants' request for special jurisdictional discovery, (Docket No. 81) seeks to establish facts concerning this issue. In essence, Defendants request the Court to assume that federal jurisdiction properly lies in this action until the opposite becomes obvious. This request cannot be reconciled with the measured restraint long enunciated by the Supreme Court. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *Turner v. Bank of North America*, 4 U.S. 8, 11 (1799)). Because Defendants have not

satisfied this burden, its request for jurisdictional discovery cannot be reconciled with the measured restraint demanded by longstanding precedent.

As explained *supra*, the Court has determined as a matter of law that the 2011 Amendments to the removal statute did not displace state courts' concurrent jurisdiction regarding maritime issue. This conclusion renders Foss's request for jurisdictional discovery moot and compels the remand of this action to the Marshall Circuit Court.

**Conclusion and Order**

For the reasons articulated above, and the Court being otherwise fully and sufficiently advised, IT IS HEREBY ORDERED that the KYTC's Motion to Remand, (Docket No. 79), is GRANTED. Any remaining motions are DENIED AS MOOT. This case shall be remanded to the Marshall Circuit Court, Marshall County, Kentucky for all further proceedings in accordance with the Judgment entered contemporaneously with this Order.