UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-21-TBR-LLK

In the Matter of the Complaint of FOSS MARITIME COMPANY, as owner, and FOSS ATLANTIC, INC., as operator and owner *pro hac vice*, of the M/V DELTA MARINER, Official No. 1094576, for Exoneration from or Limitation of Liability

and

| | |
|---|---|
| FOSS MARITIME COMPANY AND FOSS ATLANTIC, INC. | COUNTER-CLAIMANTS |
| v. | |
| COMMONWEALTH OF KENTUCKY TRANSPORTATION CABINET | COUNTER-DEFENDANT |
| and | |
| FOSS MARITIME COMPANY AND FOSS ATLANTIC, INC. | THIRD-PARTY PLAINTIFFS |
| v. | |
| JAMES LEFEVRE and THOMAS HINES | THIRD-PARTY DEFENDANTS |
| and | |
| JAMES LEFEVRE and THOMAS HINES | THIRD-PARTY PLAINTIFFS |
| v. | |
| MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC | THIRD-PARTY DEFENDANT |

**OPINION AND ORDER**

Foss Maritime Company and Foss Atlantic, Inc. (together "Foss") propounded three interrogatories to the Commonwealth of Kentucky Transportation Cabinet ("KYTC") related to

the indemnification of Third-Party Defendants Hines and LeFevre and payment of their legal fees and costs. KYTC objected to these interrogatories, asserting privilege, work-product–doctrine protection, ambiguity, and legal-conclusion objections. Foss filed a motion to compel the answers; KYTC filed a cross-motion for protective order. The Court overrules KYTC's objections, grants Foss's motion, and denies KYTC's cross-motion.

I.  Relevance

Relevance serves as the threshold requirement for all discovery. A party need not demonstrate admissibility of information to have discovery. One need only demonstrate that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). KYTC claims that the information sought lacks relevance. Foss argues that the existence of agreements to finance litigation or indemnify Hines and LeFevre speaks to the credibility of potential trial witnesses, including those speaking for KYTC.

A litigant may discover facts related to the credibility of a potential trial witness. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947). "[O]ne of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses." *U.S. v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (mem.) (citing *Hickman*, 329 U.S. at 511). This Court agrees that the Rules' wide scope with regard to discovery allows a party to discover information related to the credibility of a witness. The Sixth Circuit held that one may admit "facts tending to show interest, bias or motive" at trial, and therefore one may discover such evidence or information reasonably calculated to lead to the discovery of such evidence. *Majestic v. Louisville & Nashville R.R. Co.*, 147 F.2d 621, 627 (6th Cir. 1945).

Because information related to the credibility of a witness serves as relevant evidence for the purposes of discovery, the Court must now determine if the specific information sought by

Foss will speak to KYTC's credibility or appears reasonably calculated to lead to the discovery of admissible evidence regarding that credibility. Foss's interrogatories ask pointed questions requiring KYTC to reveal if it is indemnifying or paying to defend Hines and LeFevre or paying for their third-party claim against Marquette Transportation Company Offshore, LLC ("Marquette").

Potential bias exists if KYTC indemnified Hines and LeFevre because it may have to pay a judgment rendered against the individual defendants. The Ninth Circuit, in *Brocklesby*, upheld a district judge's admission of an indemnity agreement at trial to attack the agreeing parties' credibility. *Brocklesby v. U.S.*, 767 F.2d 1288, 1292-93 (9th Cir. 1985). This Court need not determine the admissibility of an agreement or the discovery of any document memorializing it, but only if Foss propounded the interrogatory with reasonable calculation to seek admissible evidence. The *Brocklesby* court's opinion supports allowing discovery of the existence of indemnity.

Moreover, the Sixth Circuit recognizes that a party might offer the existence of a settlement or indemnity agreement at trial. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003) (citing a number of persuasive authority regarding the discovery and admissibility of the terms of settlement agreements or the existence of negotiations). Therefore the existence of the agreement comes within the scope of civil discovery.

Paying the costs of the individuals' litigation does not present as clear an example of potential bias. A party may or may not stand to gain from the outcome of litigation when it pays for another party's costs and attorneys' fees. Nonetheless, the existence of such a relationship may indicate bias, including by revealing further facts demonstrating that the financing party

3

may benefit from the financed party's triumph, either through the recovery of costs or, when applicable, attorneys' fees. Moreover, a relationship between any parties that leads to one financing the other's litigation, regardless of any potential return on the investment, may indicate bias. Therefore discovery to determine that relationship is reasonably calculated to lead to the discovery of admissible evidence.

Discovery must have a "broad and liberal" scope to further the interests of the Federal Rules. *See Hickman*, 329 U.S. at 507. LeFevre and Hines seek an award of costs and attorneys' fees in their answer to Foss's third-party complaint. (Docket # 62, p. 5). If KYTC may recover costs and fees it expended to defend LeFevre and Hines, then it may have a bias. Therefore the existence of an arrangement to defend LeFevre and Hines meets the threshold requirement of relevance for discovery purposes.

Evidence of KYTC paying to prosecute a claim against Marquette does not speak directly to a potential bias against Foss, but the Court finds it reasonably calculated to lead to the discovery of admissible evidence. The relationship between KYTC, LeFevre, and Hines serves as a relevant topic for discovery. KYTC's payment of costs and legal fees for any portion of this litigation on behalf of the individual litigants meets the relatively low threshold of discovery relevance. Foss reasonably calculated its interrogatory concerning Marquette to lead to the discovery of admissible evidence regarding the credibility of KYTC.

KYTC argues that Foss should not have the discovery because it has not proffered "why the information is so important" and what benefit having the evidence will bring to Foss. However, the relative import of discovery does not serve as the yardstick for determining if the party may have the discovery. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant . . . ."). This opinion discusses elsewhere the relevance

and non-privileged nature of the discovery sought. While the discovery may prove a trivial fact, a relevant, non-privileged, trivial fact remains within the scope of discovery.

KYTC argues that this case proves analogous to a case where an insurer retains counsel for its insured, which does not imply a bias for the insured. However, the instant case is more analogous to a case where an agent of the insurer might testify as a witness at trial. A litigant, under those and similar circumstances, may bring forth the relationship between a non-party witness and a party to assert a bias. *See Baskin v. Pepsi MidAm. Co.*, No. 5:13-CV-00030-TBR, 2015 WL 518679, at *2 (W.D. Ky. Feb. 15, 2015) (mem.) (permitting the admission of evidence that a witness may have been biased against the defendant, her former employer); *see also Charter v. Chleborad*, 551 F.2d 246, 248 (8th Cir. 1977) (per curiam) (stating that defendant's insurer's employment of a witness provides a "clearly admissible" bias fact); *Woolum v. Hillman*, 329 S.W.3d 283, 287 (Ky. Ct. App. 2010) (affirming the admittance of the fact of common insurance between the defendant and expert witness at trial).

KYTC does cite some authority for its proposition that a party cannot discover indemnity agreements in litigation on causes of action other than indemnity. Based on the information available in the cited opinions, it appears that each of the litigants seeking discovery requested the contents of indemnity agreements without asserting that the indemnifying party would provide testimony making bias a concern.[1] The existence of potential sources of bias makes the discovery sought in the instant case relevant. The Court can only address the issue before it: the

---

[1] KYTC cited: *BPP Retail Props., LLC v. Am. Roofing Servs., Inc.*, 300 F.R.D. 59, 62-63 (D.P.R. 2014); *Methode Elecs., Inc. v. DPH-DAS LLC*, 2011 WL 2118951, at *3 (E.D. Mich. May 27, 2011); *In re Zicam Cold Remedy Mktg., Sales Practices, & Prods. Liab. Litig.*, 2010 WL 4715951, at *1 (D. Ariz. Nov. 15, 2010); *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2009); *Warren Distrib. Co. v. InBev USA L.L.C.*, 2008 WL 4371763, at * 3-4 (D.N.J. Sept. 18, 2008).

question of the existence of indemnity or litigation-expenses agreements, not issues related to any agreement's contents, which Foss does not seek through the interrogatories at issue.

For the reasons stated above, the Court holds that the three interrogatories at issues are relevant for the purposes of discovery. The Court will now address KYTC's other objections.

II. Attorney-Client Privilege and Work-Product Doctrine

Attorney-client privilege protects the contents of communications with counsel, not facts transmitted to counsel during the communications. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). The existence of an agreement to indemnify or pay costs and fees cannot constitute a privileged, confidential communication between KYTC and its counsel. Foss seeks facts, not privileged communications. Attorney-client privilege cannot shield KYTC from answering the interrogatories.

Similar analysis applies for the work-product doctrine. Work-product protection cannot shield facts. *Hickman*, 329 U.S. at 507 ("[E]ither party may compel the other to disgorge whatever facts he has in his possession."). Moreover, the work-product doctrine only protects "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). Foss's interrogatories do not put the discoverability of any document or tangible thing before the Court. KYTC cited a number of opinions that a litigant may not discover the contents of a joint-defense agreement.[2] But the Court need not address that issue because Foss has not sought documents or facts regarding their contents, only facts regarding their existence.

---

[2] KYTC cited: *R.F.M.A.S., Inc. v. So*, 2008 WL 465113, at *1 (S.D.N.Y. Feb. 15, 2008) (mem.); *Fort v. Leonard*, 2006 WL 2708321, at *3 (D.S.C. Sept. 20, 2006); *A.I. Credit Corp. v. Providence Wash. Ins. Co.*, 1997 WL 231127, at *4 (S.D.N.Y. May 7, 1997); *U.S. v. Bicostal Corp.*, 1992 WL 693384, at *6 (N.D.N.Y. Sept. 28, 1992).

KYTC also raises the joint-defense and common-interest privileges. However, despite their names, these theories do not provide an independent basis for privilege. *Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 219 (W.D. Ky. 2006). The so-called privileges serve as exceptions to the rule of privilege waiver by communication to a third party. *Id.* The Court cannot address the issue of the waiver of a non-existent privilege. Foss may discover facts related to issues other than confidential, attorney-client communications without implicating the joint-defense and common-interest privileges.

KYTC argues, citing *In re Columbia*, that Foss should not have the discovery because no "logical terminus" exists for the end of discovery into joint-defense matters. The Sixth Circuit's opinion determined that a party could not "'selectively' waive" a privilege by making a disclosure to a government investigator but otherwise maintaining the privileged status of communications. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 302 (6th Cir. 2002). The lack of a logical terminus referred to other courts' attempts to establish exceptions to the general rule of total waiver of a privilege by any disclosure. *Id.* at 294, 297-98 (quoting *U.S. v. Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997)). The idea of selective waiver, rejected by the Sixth Circuit, does not apply in the instant dispute. No privilege protects the information sought.

For these reasons, the Court overrules KYTC's objections grounded in attorney-client privilege and work-product doctrine.

III.   Ambiguity and Legal Conclusion Objections

KYTC objected to some of the interrogatories propounded by Foss as ambiguous. After reviewing the objected-to interrogatories, the Court finds the questions posed nonambiguous.

The interrogatories call for simple "yes" or "no" answers and they are not susceptible to multiple, reasonable interpretations.

KYTC also objected because it asserted that some interrogatories called for legal conclusions. This Court disagrees. The interrogatories call for facts, not legal conclusions. KYTC injects the legality of indemnifying a public employee or paying defense fees and costs by citing statues and regulations in its responses to the interrogatories. By objecting to Foss's interrogatories and then providing legal citations regarding KYTC's obligations, KYTC hinted at the answer to the interrogatories without giving an answer. Foss did not call for a legal conclusion as to the propriety of KYTC's actions, but only sought to determine what actions KYTC took. A clear line exists between discovering facts and asking an opposing party to draw legal conclusions based on those facts.

The Court notes that KYTC did not argue these final two objections in its briefing for this motion. After reviewing Foss's argument and the interrogatories and objections thereto, the Court overrules the ambiguity and legal-conclusion objections.

IV. Costs and Fees

Foss moved this Court to award reasonable attorneys' fees and costs. Beyond the request, the parties did not brief the issue of the fees and costs attendant to this motion. The Court finds that the circumstances make an award of fees and costs inappropriate. Therefore the parties shall bear their own fees related to Foss's motion and KYTC's cross-motion.

**ORDER**

IT IS HEREBY ORDERED that the motion to compel of Foss Maritime Company and Foss Atlantic, Inc. is GRANTED (Docket # 109). The Commonwealth of Kentucky Transportation Cabinet will answer interrogatories 2, 3, and 10 of the Limitation Plaintiffs'

Second Set of Interrogatories within ten days of this order. The Commonwealth of Kentucky Transportation Cabinet's objections and motion for protective order (Docket # 117) are OVERRULED and DENIED, respectively. The parties will bear their own costs, including attorneys' fees, incurred in making the motions addressed by this opinion.