UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00021-GNS-LKK

In the Matter of the Complaint of FOSS
MARITIME COMPANY, as Owner and
FOSS ATLANTIC, INC., as Operator and
Owner, *pro hac vice*, of the M/V DELTA
MARINER, Official No. 1094576, for
Exoneration from or Limitation of Liability

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion in Limine regarding the Admissibility of the Voyage Data Recorder Transcript filed by Claimant Kentucky Transportation Cabinet ("KTC") (DN 136). The motion is fully briefed and is now ripe for adjudication. For the reasons set forth below, the Court will **DENY** this motion as premature with leave to refile.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit concerns two allisions involving the Eggners Ferry Bridge ("the Bridge"), owned by KTC and situated in the Kentucky Lake portion of the Tennessee River. The first occurred on November 15, 2011, as the *M/V Miss Katie*, owned and operated by Marquette Transportation Company, LLC ("Marquette"), traveled northbound on the Tennessee River. While attempting to negotiate Span E of the Bridge, the *Miss Katie* struck the center portion of the span.[1] Marquette alleges that the Bridge's navigation lights failed to comply with the U.S. Coast Guard permit and with federal law, as only Span E was illuminated as required.

---

[1] This allision is the subject of *Allianz Global Risks US Insurance Co. v. Marquette Transportation Co., LLC*, Civil Action No. 5:12-CV-00168-GNS-LKK, which is also pending before this Court.

In a December 15, 2011, letter addressed to Thomas Hines ("Hines") of the KTC, the U.S. Coast Guard advised the KTC of "multiple reports from commercial mariners that the [Bridge's] navigation lights are not operating properly or the lights are extinguished," creating an "unacceptable navigational hazard to river traffic." (Pet'trs' Mot. for Summ. J. Ex. A, DN 100-2). The letter requested Hines' "urgent attention" in bringing the Bridge's lights into compliance. (Pet'trs' Mot. for Summ. J. Ex. A). Enclosed were copies of the permit and the revised lighting diagram. (Pet'trs' Mot. for Summ. J. Exs. A-1 to A-2, DN 100-3 to 100-4). James LeFevre—the chief district engineer and Hines' supervisor—initially received the letter, then called Hines to his office to review it. Hines, however, thought that the navigation lights were operating properly and understood the letter to indicate that he "needed to get red reflective panels ordered to get the bridge up to its current lighting plan." (Pet'trs' Mot. for Summ. J. Ex. G at 5-6, DN 100-10).

Seventy-two days after the first allision, Foss's vessel, the *M/V Delta Mariner*, sustained a similar accident. Foss alleges that only Span E's navigational lights were illuminated on the night of January 26, 2012. When the *Delta Mariner* attempted to pass under the Bridge through Span E, its mast struck the Bridge's span, and the span collapsed onto the vessel's bow and into the riverbed. Foss alleges that the lack of functional navigation lights on the Bridge proximately caused the allision.

Foss instituted this limitation action seeking exoneration from, or limitation of, liability. (Compl., DN 1). Several parties also filed claims related to the allision, including the KTC. During the course of discovery, the parties have examined the audio recording from the Voyage Data Recorder of the *Delta Mariner* and the transcript from the recorder. Through the present motion, KTC seeks a ruling as to the admissibility of the transcript at trial.

## II. JURISDICTION

This Court has jurisdiction of this matter because it arises under admiralty law. *See* 28 U.S.C. § 1333.

## III. DISCUSSION

In general, the admissibility of audio recordings is a matter "within the sound discretion of the district court." *United States v. Wesley*, 417 F.3d 612, 620 (6th Cir. 2005) (citing *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) ("*Robinson I*")). In addressing the admissibility of an audio recording, a court must determine whether the records are "authentic, accurate[,] and trustworthy, and 'must be audible and sufficiently comprehensible for the jury to consider the contents.'" *Id.* (quoting *Robinson I*, 707 F.2d at 876)). When a recording contains unintelligible portions that are "so substantial as to render the recording as a whole untrustworthy," the record is not admissible. *Id.* at 620-21 (internal quotation marks omitted). The fact that a portion of the recording may be unintelligible "does not automatically render the entire recording inadmissible." *Id.* at 620 (citing *United States v. Robinson,* 763 F.2d 778, 781 (6th Cir.1985) ("*Robinson II*")).

In this case, the audio recording from the Voyage Data Recorder has not been tendered to the Court. As a result, the Court cannot review the recording to determine the extent to which the recording contains unintelligible portions and to what extent transcripts could or should be used to assist with the presentation of the audio recording at trial. The Court believes that it is premature to rule on these issues.

The Court also believes that it is premature to rule on the admissibility of the transcript prepared from the audio recording from the Voyage Data Recorder of the *Delta Mariner*. Based

upon the response filed by Foss Maritime Company and Foss Atlantic, Inc. ("Foss"), Foss clearly disputes the accuracy of the transcript.

Ordinarily, courts are hesitant to permit the introduction of transcripts to assist with unintelligible audio recordings because "a transcript intended as an aid to the jury inevitably becomes, in the minds of the jurors, the evidence itself." *United States v. Segines*, 17 F.3d 847, 854 (6th Cir. 1994) (citing *Robinson I*, 707 F.2d at 878). In the present case, however, no such danger exists because the claims asserted in this action will be resolved through a bench trial.

For these reasons, the Court declines to rule on the admissibility of the audio recording and transcript from the *Delta Mariner* at this stage of the litigation. Upon the close of discovery or during trial, the parties may again raise any evidentiary objections to the use of the audio recording or transcript at trial.

## V. CONCLUSION

For these reasons, IT IS HEREBY ORDERED that the Motion in Limine regarding the Admissibility of the Voyage Data Recorder Transcript filed by Claimant Kentucky Transportation Cabinet (DN 136) is **DENIED** with leave to refile.

**Greg N. Stivers, Judge**
**United States District Court**
July 6, 2015

cc: counsel of record
Margaret Maddox, *pro se*
Bryan Wagner, *pro se*
Bertha & Kelly Wilson, *pro se*
Kevin Cunningham, *pro se*