UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00021-GNS-LKK

In the Matter of the Complaint of FOSS
MARITIME COMPANY, as Owner and
FOSS ATLANTIC, INC., as Operator and
Owner, *pro hac vice*, of the M/V DELTA
MARINER, Official No. 1094576, for
Exoneration from or Limitation of Liability

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon five separate Motions to Dismiss or alternatively, Motions for Summary Judgment filed by Petitioners Foss Atlantic, Inc. and Foss Maritime Company (collectively "Foss Maritime") (DN 140-144). No response has been filed to any of those motions, and the motions are now ripe for adjudication. For the reasons set forth below, the Court will **GRANT** these motions.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit concerns two allisions involving the Eggners Ferry Bridge ("the Bridge"), owned by the Kentucky Transportation Cabinet ("KTC") and situated in the Kentucky Lake portion of the Tennessee River. The first occurred on November 15, 2011, as the *M/V Miss Katie*, owned and operated by Marquette Transportation Company, LLC ("Marquette"), traveled northbound on the Tennessee River. While attempting to negotiate Span E of the Bridge, the *Miss Katie* struck the center portion of the span.[1] Marquette alleges that the Bridge's navigation

---

[1] This allision is the subject of *Allianz Global Risks US Insurance Co. v. Marquette Transportation Co., LLC*, Civil Action No. 5:12-CV-00168-GNS-LKK, which is also pending before this Court.

lights failed to comply with the U.S. Coast Guard permit and with federal law, as only Span E was illuminated as required.

In a December 15, 2011, letter addressed to Thomas Hines ("Hines") of the KTC, the U.S. Coast Guard advised the KTC of "multiple reports from commercial mariners that the [Bridge's] navigation lights are not operating properly or the lights are extinguished," creating an "unacceptable navigational hazard to river traffic." (Pet'trs' Mot. for Summ. J. Ex. A, DN 100-2). The letter requested Hines' "urgent attention" in bringing the Bridge's lights into compliance. (Pet'trs' Mot. for Summ. J. Ex. A). Enclosed were copies of the permit and the revised lighting diagram. (Pet'trs' Mot. for Summ. J. Exs. A-1 to A-2, DN 100-3 to 100-4). James LeFevre—the chief district engineer and Hines' supervisor—initially received the letter, then called Hines to his office to review it. Hines, however, thought that the navigation lights were operating properly and understood the letter to indicate that he "needed to get red reflective panels ordered to get the bridge up to its current lighting plan." (Pet'trs' Mot. for Summ. J. Ex. G at 5-6, DN 100-10).

Seventy-two days after the first allision, Foss's vessel, the *M/V Delta Mariner*, sustained a similar accident. Foss alleges that only Span E's navigational lights were illuminated on the night of January 26, 2012. When the *Delta Mariner* attempted to pass under the Bridge through Span E, its mast struck the Bridge's span, which collapsed onto the vessel's bow and into the riverbed. Foss alleges that the lack of functional navigation lights on the Bridge proximately caused the allision.

Foss instituted this limitation action seeking exoneration from, or limitation of, liability. (Compl., DN 1). Several parties also filed claims related to the allision, including residents who

allege losses related to interruption of their usual travel routines, and restaurant owners who allege the loss of travel-related business.[2]  Foss now seeks to dismiss those claims.

## II.     JURISDICTION

This Court has jurisdiction of this matter because it arises under admiralty law.  *See* 28 U.S.C. § 1333.

## III.    STANDARD OF REVIEW

In ruling on a motion for summary judgment,[3] the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

---

[2] On June 22, 2012, Margaret Maddox filed a claim seeking an unspecified amount relating to additional expenses she incurred in traveling from her residence in Murray, Kentucky, to her workplace in Trigg County, and to other events. (Claim, DN 8). On November 28, 2012, Bryan Warner filed a claim in the amount of $4,389.76 relating to additional expenses he incurred in traveling from his residence in Murray, Kentucky, to his workplace in Hopkinsville, Kentucky. (Claim, DN 11). On December 12, 2012, Bertha and Kelly Wilson—as owners of The Brass Lantern Restaurant, Inc.—filed a claim in the amount of $33,864.62 relating to lost income to their business. (Claim, DN 15). On December 17, 2012, Kevin Cunningham filed a claim in the amount of $1,521.26 for additional mileage to work and in the amount of $941.24 for income loss relating to traveling from his residence in Murray, Kentucky, to his workplace in Hopkinsville, Kentucky. (Claim, DN 16). In February 2012, Sallie Beckett Wilson asserted a claim in an unspecified amount alleging that she incurred additional expense in traveling from her residence in Murray, Kentucky, to her workplace in Lake Barkley State Resort Park. (Claim, DN 30-1).

[3] The Court is treating the present motions as motions for summary judgment because the Court considered more than just the Complaint in ruling on the merits of the motions.

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. DISCUSSION

In seeking summary judgment on the claims, Foss Maritime relies upon the Supreme Court's decision in *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). As this Court has held, "[u]nder maritime law, *Robins Dry Dock* prohibits recovery for economic loss absent physical damage to a propriety interest." *Green Turtle Bay, Inc. v. Zsido*, No. 5:08-CV-00004-R, 2010 WL 797852, at *3 (W.D. Ky. Mar. 3, 2010) (citing *Robins Dry Dock*, 275 U.S. at 309). *See also Reserve Mooring Inc. v. Am. Commercial Barge Line, LLC*, 251 F.3d 1069, 1072 (5th Cir. 2001) (stating that "physical injury to a proprietary interest is a prerequisite to recovery of economic damages in cases of unintentional maritime tort."); *Petition of Cleveland Tankers, Inc.*, 791 F. Supp. 669, 673 (E.D. Mich. 1992) ("A claim by a party for recovery of economic losses from the negligent tortfeasor will only be allowed where the party has suffered physical damage to a proprietary interest as a result of the tortfeasor's negligence." (citation omitted)).

4

In this case, none of the claimants have alleged or offered any proof of any physical damage to a proprietary interest. Rather, they all alleged that they incurred additional expenses either related to their travel to and from work, or lost business income. Because of the lack of physical damage to the claimants, however, their claims are barred by the holding in *Robins Dry Dock*. Accordingly, the Court will grant summary judgment for Foss Maritime on these claims.

## V.     CONCLUSION

For these reasons, IT IS HEREBY ORDERED that Foss Maritime's Motions to Dismiss or alternatively, Motions for Summary Judgment (DN 140-144) are **GRANTED**, and the claims asserted by Margaret Maddox (DN 8), Bryan Warner (DN 11), Bertha and Kelly Wilson (as owners of The Brass Lantern Restaurant, Inc.) (DN 15), Kevin Cunningham (DN 16), and Sallie Beckett Wilson (DN 30-1) are **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
July 8, 2015

cc:     counsel of record
        Margaret Maddox, *pro se*
        Bryan Wagner, *pro se*
        Bertha & Kelly Wilson, *pro se*
        Kevin Cunningham, *pro se*
        Sallie Beckett Wilson, *pro se*