UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00021-GNS-LKK

In the Matter of the Complaint of FOSS
MARITIME COMPANY, as Owner and
FOSS ATLANTIC, INC., as Operator and
Owner, *pro hac vice*, of the M/V DELTA
MARINER, Official No. 1094576, for
Exoneration from or Limitation of Liability

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Motion to Alter or Amend the Judgment filed by Marquette Transportation Company, LLC ("Marquette") (DN 134). Fully briefed, the matter stands ripe for decision. For the reasons set forth below, the Court will **DENY** the motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit concerns two allisions involving the Eggners Ferry Bridge ("the Bridge"), owned by the KTC and situated in the Kentucky Lake portion of the Tennessee River. The first occurred on November 15, 2011, as the *M/V Miss Katie*, owned and operated by Marquette, traveled northbound on the Tennessee River. While attempting to negotiate Span E of the Bridge, the *Miss Katie* struck the center portion of the span.[1] Marquette alleges that the Bridge's navigation lights failed to comply with the U.S. Coast Guard Bridge Permit ("the Permit") governing the Bridge's operation and with federal law, as only Span E was illuminated as required.

---

[1] This allision is the subject of *Allianz Global Risks US Insurance Co. v. Marquette Transportation Co., LLC*, Civil Action No. 5:12-CV-00168-GNS-LKK, also pending before this Court.

In a December 15, 2011, letter addressed to Thomas Hines ("Hines")—the supervisor of permits and traffic for District One of KTC—the U.S. Coast Guard advised KTC of "multiple reports from commercial mariners that the [Bridge's] navigation lights are not operating properly or the lights are extinguished," creating an "unacceptable navigational hazard to river traffic." (Pet'rs' Mot. for Partial Summ. J. Ex. A, DN 100-2). The letter requested Hines' "urgent attention" in bringing the Bridge's lights into compliance. (Pet'rs' Mot. for Partial Summ. J. Ex. A). Enclosed were copies of the Permit and the revised lighting diagram. (Pet'rs' Mot. for Partial Summ. J. Exs. A-1 to A-2, DN 100-3 to 100-4). James LeFevre—the chief district engineer and Hines' supervisor—initially received the letter, then called Hines to his office to review it. Hines, however, thought that the navigation lights were operating properly and understood the letter to indicate that he "needed to get red reflective panels ordered to get the bridge up to its current lighting plan." (Pet'rs' Mot. for Partial Summ. J. Ex. G at 5-6, DN 100-10).

Seventy-two days after the first allision, the *M/V Delta Mariner*—which was owned by Foss Maritime Company and operated and owned by Foss Atlantic, Inc. (collectively "Foss")—sustained a similar accident. Foss alleges that only Span E's navigational lights were illuminated on the night of January 26, 2012. When the *Delta Mariner* attempted to pass under the Bridge through Span E, its mast struck the Bridge's span, which collapsed onto the vessel's bow and into the riverbed. Foss alleges that the lack of functional navigation lights on the Bridge proximately caused the allision.

Foss instituted this limitation action seeking exoneration from, or limitation of, liability. (Compl., DN 1). Several parties filed claims related to the allision, including residents who allege losses related to interruption of their usual travel routines, restaurant owners who allege

the loss of travel-related business, and a telecommunications company that had a fiber optic cable severed by the accident. (Claims, DN 8, 11, 14-16). Additionally, as the owner of the Bridge, KTC filed a claim for the cost and expense of replacing the demolished span. (Claim, DN 12).

At the time it answered KTC's claim, Foss simultaneously filed a counterclaim against KTC and a third-party complaint against Defendants Hines and LeFevre. (Pet'rs' Countercl. & Third-Party Compl., DN 22). Foss alleges that the *Delta Mariner*'s allision was caused by the absence of functional navigation lights on the Bridge, in violation of federal regulations and the Permit governing the Bridge's operation. According to Foss, these lights were extinguished due to the negligent acts and omissions of Hines and LeFevre, who purportedly failed to inspect, maintain, and repair them as required. (Pet'rs' Countercl. & Third-Party Compl. ¶¶ 13-19, DN 22). For their part, LeFevre and Hines deny that the extinguished navigational lights contributed to the accident; rather, they instead allege that Foss's own crewmembers' negligence in operating the *Delta Mariner* caused the accident. (Third-Party Defs.' Answer to Countercl. 2, 3, DN 62). The Third-Party Defendants also filed a third-party complaint against Marquette, alleging that the *Miss Katie*'s allision damaged the bridge's lights and electrical system, thus causing the *Delta Mariner*'s allision. (Third-Party Compl. ¶ 8, DN 73).

On March 12, 2015, the Court denied Marquette's Motion for Summary Judgment (DN 89) on the basis that: (1) there was a genuine issue of material fact as to proximate cause; (2) the Court could not conclude as a matter of law that Third-Party Plaintiffs negligently responded to the *Miss Katie*'s allision; (3) additional discovery regarding causation was needed as to whether the *Miss Katie* allision had any bearing upon the Bridge's navigational light at the time of the *Delta Mariner* accident; and (4) the issue of superseding cause was an issue of fact for the jury.

(Mem. Op. & Order 7, 8, 10, 13). In the present motion, Marquette seeks reconsideration of that ruling as to the denial of summary judgment on the basis of superseding cause.

## II.     JURISDICTION

This Court has jurisdiction of this matter because it arises under admiralty law. *See* 28 U.S.C. § 1333.

## III.     STANDARD OF REVIEW

Under Fed. R. Civ. Proc. 59(e), a court may grant a motion to alter or amend "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). A motion to alter or amend a judgment is not an appropriate means for rearguing the merits of a party's case. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## IV.     DISCUSSION

From the Court's review of Marquette's motion, it appears to be entirely premised upon a rehashing of Marquette's prior arguments. Because Fed. R. Civ. P. 59 does not permit parties to request to vacate a judgment on this basis, Marquette's motion is **DENIED**.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that Marquette Transportation Company, LLC's Motion to Alter or Amend Judgment (DN 134) is **DENIED**.

cc:     counsel of record